

December 18, 2019

**VIA ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007



Re: Piotrowicz v. Techtronic Industries North America, et al.
**Letter Motion to Transfer to White Plains**
Civil Action No.: 1:19-cv-11522

Dear Judge Failla:

This office represents the Defendants in the above matter.

Please accept this correspondence as Defendants' Letter Motion and request that Your Honor assess this matter under Rules 18 and 19 of the Southern District's Rules for the Division of Business among District Judges and, as may be required, that Your Honor recommend and request that the Southern District's Assignment Committee transfer this matter to White Plains.

By way of background, this is a products liability matter in which the Plaintiff was allegedly injured on August 21, 2018 while operating an electric miter saw that was designed, manufactured and distributed by the Defendants. Plaintiff asserts causes of action in strict liability, negligence and breach of warranty. Litigation was commenced on October 23, 2019 by Plaintiff in the United States District Court for the Eastern District of New York and the matter was assigned to the Honorable Brian M. Cogan.

Soon after the case filing, Defendants filed a Motion to Transfer Venue [under 28 U.S.C. 1404(a)] to the Northern District of New York or, in the alternative, the Southern District because of the case's virtually non-existent nexus with the Eastern District (Dkt. nos. 18-20). Defendants maintained in their Motion that the Northern District was the proper venue for this litigation because it had the far greater "nexus" with the underlying accident, but Defendants also offered the Southern District as an alternative venue because it had more contacts with the facts of this case than the Eastern District. While Defendants' Motion to Transfer was pending, the parties entered into a stipulation to transfer of this case to the Southern District while reserving their rights to address the actual courthouse assignment once the transfer was effectuated. Judge Cogan "so ordered" the Stipulation (Dkt. 23) on December 16, 2019 and this matter was assigned to the Southern District earlier this week.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates  Berlin • Cologne • Frankfurt • Munich • Paris
wilsonelser.com

Rule 18 of the Southern District's Rules for the Division of Business among District Judges requires that a case be designated to White Plains by Plaintiff counsel (on the civil cover sheet) where (i) the claim arose in whole or in major part in the "Northern Counties" (Dutchess, Orange, Putnam, Rockland, Sullivan and Westchester) and at least one of the parties resides in the Northern Counties; or (ii) the claim arose in whole or in major part in the Northern Counties and none of the parties reside in this District. A civil case under the rule *may* be designated for assignment to White Plains if (iii) the claim arose outside this district and at least some of the parties reside in the Northern Counties; or (iv) at least half of the parties reside in the Northern Counties.

Rule 19 permits the judge assigned to a matter to submit a request for reassignment to the Southern District's Assignment Committee if the judge believes that the case should be assigned to another courthouse within the district.

According to paragraph 24 of Plaintiff's Amended Complaint (Dkt. no. 16):

- Plaintiff is a resident of New Paltz, NY (Ulster County[1]);
- The accident occurred at his home in New Paltz;
- He immediately (after the accident) sought the assistance of a neighbor, who called "911" for him;
- Local police and law enforcement arrived, as did an ambulance;
- The police conducted a search for the remains of Plaintiff's injured hand in and around Plaintiff's home and its environs;
- Plaintiff was taken by the ambulance to Vassar Brothers Medical Center in Poughkeepsie, NY (Dutchess County);
- Plaintiff was then taken to Westchester Medical Center in Valhalla (Westchester County).

In addition, Plaintiff's Rule 26 Automatic Disclosure and Supplemental Rule 26 Automatic Disclosure (Dkt. no. 19 – Exhibit 3, also attached hereto as Exhibit A[2]) show that the majority of Plaintiff's "Southern District–based" medical care providers/witnesses to be from the Northern Counties as compared to New York County or the Bronx. These would include Westchester County Medical Center (Vallhalla, New York), where the bulk of Plaintiff's post-accident medical care (including major post-accident surgery to re-attach his hand) took place, as well as doctors and other medical care providers/witnesses from Middletown (Orange County), New Rochelle (Westchester County) and Hawthorne (Westchester County). Plaintiff's treating physician and surgeon (Dr. Magill) is from Hawthorne (Westchester County) and Vassar Hospital[3] (where Plaintiff was initially transported immediately following his accident) is located in Dutchess County.

Defendants are corporate entities that are subject to the jurisdiction of the various federal district courts in this state and are, therefore, "residents" of the various federal district courts of this State under 28 U.S.C. 1391(d), including the Southern District and all its counties.

---

[1] Dutchess County is in the Northern District of New York.
[2] The documents have been partially redacted to ensure the privacy of private individuals.
[3] For some reason, Vassar Hospital does not appear on Plaintiff's list of medical care providers/witnesses.

The decision to reassign a case under Rule 19 remains within the discretion of the court. *United States v. Brennernum*, No. 15 Civ. 0070 (LAK), 2017 U.S. Dist. LEXIS 125505, 2017 WL 3421397, at *10 (S.D.N.Y. Aug. 8, 2017). Now that this matter is in the Southern District, there is little question that the Northern Counties have the far greater connection to this matter based on the Plaintiff's post-accident medical care -- not to mention the geographic convenience for those witnesses (including Plaintiff's neighbor) and First Responders from Ulster County who may eventually be called upon to testify[4]. *Lewis v. Clarkstown Police Dep't*, No. 11 Civ. 2487 (BSJ), 2012 U.S. Dist. LEXIS 58711 (S.D.N.Y. Feb. 15, 2012) (transfer to White Plains recommended "for the convenience of the parties, counsel and the witness").

Clearly, had this matter been initiated filed by Plaintiff in the Southern District, Plaintiff would have designated this matter as a White Plains matter. On these facts and the case law, Defendants have a good faith basis on which to seek transfer to White Plains under the Southern District's rules. As such, Defendants respectfully request that Your Honor assess this matter and undertake the Request for Reassignment contemplated by Rule 19.

Thank you for considering Defendants' request.

Very truly yours,

**Wilson Elser Moskowitz Edelman & Dicker LLP**

Rosario M. Vignali
RV/bs

cc: Rosenberg, Minc, Falkoff & Wolff, LLP (via ECF)

---

[4] These witnesses would be called upon to testify about Plaintiff's physical, mental and cognitive condition at the time they encountered him (after the accident) and spoke to him; whether there were any "complicating factors" at play that may have compromised Plaintiff's ability to operate potentially dangerous machinery; any statements/admissions made by the Plaintiff at the scene; the work area where the miter saw was being operated; and the condition of the miter saw in question.

Plaintiff is ORDERED to respond to Defendants' letter requesting transfer to the White Plains Courthouse on or before **December 27, 2019.**

Dated: December 19, 2019
      New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE