**MEMO ENDORSED**



# THE LAW FIRM OF
# ROSENBERG, MINC, FALKOFF & WOLFF, LLP

ADVOCATING JUSTICE FOR FOUR GENERATIONS

*CELEBRATING OUR 98TH YEAR*

122 East 42nd Street
Suite 3800
New York, New York 10168

TELEPHONE: 212-697-9280
FAX: 212-697-9284
EMAIL: lawyers@rmfwlaw.com

PETER D. ROSENBERG*
DANIEL C. MINC
STEVEN C. FALKOFF**
ROBERT H. WOLFF***
GARY SILVERSTEIN

ARTHUR O. TISI***
SHARON ELMALEH
JESSE M. MINC
BROOKE BALTERMAN

LEGAL ASSISTANTS

JOY RUBIN BERMAN
LORRAINE ZAHTILA-LICUL
INGRID D. JOHNSSON

FOUNDERS

GUSTAVE G. ROSENBERG
*(1900-1988)*
LAWRENCE M. ROSENBERG
*(1922-2008)*
MORTON M. BERGER
*(1915-1991)*

OF COUNSEL

ARI KRESCH
EDWARD LEMMO

*Member NY, CA Bar
**Member NY, CT, FL Bar
***Member NY, NJ Bar

December 23, 2019

**BY ECF**
Hon. Katherine P. Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re: *Piotrowicz v. Techtronic Indus N.A., et. al.* –
      Response to Motion to Transfer to White Plains
      Case No.: 1:19-cv-11522

Hon. Failla,

    This law firm represents the plaintiff in the above-referenced matter, and writes, pursuant to the Court's order of December 19, 2019, in response to the defendants' Letter Motion requesting a transfer of this matter to the White Plains Division pursuant to Rules 18 and 19 of the Southern District's Rules for the Division of Business among District Judges (hereinafter the "Division Rules"). For the reasons that follow, plaintiff believes that this case should remain before the Manhattan Division.

    The defendants' recitation of the history of this matter is generally accurate, apart from its assertion that there was no nexus between this case and the Eastern District of New York. The plaintiffs brought this case in the Eastern District because, in this products liability matter, the defective device that caused the plaintiff's injuries was sold in new condition by Home Depot to the plaintiff at a store in that district. *See* Dkt. 16 (Amended Complaint). In products liability matters against retailers who sell defective products in the ordinary course of business, the condition of a product at the point of sale is of direct relevance to the claim; and thus the point of sale is a substantial nexus to any such claim. *Levine v. Sears Roebuck and Co.*, 200 F.Supp.2d 180, 191 (E.D.N.Y. 2002) (internal citations and quotations omitted). There was, thus, a substantial nexus between this case and the Eastern District of New York. The plaintiff stipulated to transfer the

1

venue of this matter to this District in large part because the plaintiff's medical providers are here (his current primary treating physicians are in Westchester County (Dr. Richard Magill), Manhattan (NYU Rusk Rehabilitation Center and Bellevue Hospital) and Brooklyn (Joy Accupuncture)). On balance, the Manhattan courthouses are reasonably convenient when the interests of all of the non-party witnesses are taken into account. *See* Rule 26 Disclosures.

As the defendants note, Subsection (a) of Rule 18 of the Division Rules provides, in summary, that, in civil cases, a case shall be designated for assignment to White Plains if: (i) The claim arose in whole or in major part in the Northern Counties and at least one of the parties resides in the Northern Counties; or (ii) the claim arose in whole or in major part in the Northern Counties and none of the parties resides in the Southern District. None of these mandatory transfer provisions applies to this case as the claim did not arise in the Northern Counties, and no party resides in the Northern Counties or the Southern District generally. *Compare* Dkt. 16 at ¶¶ 2, 6-7, 14-16 (Amended Complaint) *and* Dkt. 17 at ¶¶ 2, 6-7, 14-16 (Answer to Amended Complaint – Admissions of Defendants' Corporate Headquarters). It is also respectfully suggested that "Residency" for venue purposes of 28 U.S.C. 1391(d) is in apposite to any of the analyses required here as that statute specifically restricts the application of its definition of "Residency" to "purposes of venue under this chapter[.]" 28 U.S.C.A. § 1391 (d) (2011).

Subsection (a) of Rule 18 of the Division Rules also provides that a case *may* be designated for assignment to White Plains if (iii) the claim arose outside of the district and at least some of the parties reside in the Northern Counties, or (iv) at least half of the parties reside in the Northern Counties. These discretionary provisions do not apply to this case because, though the claim arose outside of this District, no party resides in the Northern Counties. Subsection (a) of Rule 18 of the Division Rules further states that "All civil cases other than those specified in the foregoing paragraphs (i), (ii), (iii) and (iv) and social security and habeas corpus petitions brought under 28 U.S.C. § 2241 which are assigned on a district-wide basis shall be designated for assignment to Manhattan." Under the circumstances of this case, Rule 18 requires that this case be assigned to the Manhattan Division of this District. The defendants are thus incorrect in stating that, "had this matter been initiated [sic] filed by Plaintiff in the Southern District, Plaintiff would have designated this matter as a White Plains matter" as Rule 18 of the Division Rules specifies that this case "shall be designated for assignment to Manhattan" under its particular circumstances.

Though Rule 18 of the Division Rules clearly mandates that this case be designated to the Manhattan Division (and that, thus, a transfer to White Plains cannot be effectuated under that Rule), Rule 19 of the Division Rules does allow the Court, in its discretion, to request that the Assignment Committee reassign a case to White Plains. It is respectfully suggested that reassignment is not appropriate in this case because, on balance, the convenience of the parties and witnesses would be better and more equitably served if this case were to remain in Manhattan. *See Estate of Meimaris v. Royce*, 2018

WL 4360776 (S.D.N.Y., August 22, 2018) (Daniels, U.S.D.J.) (denying motion to transfer to White Plains despite presence of witnesses in Northern Counties where intra-District transfer would cause additional delay to litigation and resolution of case); *see also Schutty v. Pino*, 1995 WL 396589 (S.D.N.Y. July 6, 1995) (McKenna, U.S.D.J.).

Of the medical providers listed in the plaintiff's Rule 26 disclosures, five are located in Manhattan and Brooklyn (including Bellevue Hospital, NYU – Rusk and Joy Acupuncture at which the plaintiff is receiving continuous treatment). The plaintiff has explained in his Affidavit, which is included with this Letter, that he plans to treat exclusively with his doctors at Bellevue and NYU. Furthermore, the plaintiff's accountant (who is in possession of his business/tax records and whose testimony would be directly relevant to the plaintiff's lost wages claims) and five of his family members (who are both witnesses to liability and damages issues) are residents of Brooklyn.

With respect to the first responders (the New Paltz Police Department, the New York State Police Department and the New Paltz Rescue Squad/EMS), none of their detailed reports, nor any of the hospital records, all of which have been exchanged with the defense, indicate that there were any "complicating factors" at play (i.e., the plaintiff was not intoxicated, which is what defense counsel is clearly intimating, as he stated at a hearing earlier in this case). See <u>EMS Report</u> (attached); *see also* <u>New Paltz P.D. Report</u> (attached). If these records provided a shred of support for this spurious allegation (which they do not), defense counsel certainly would have raised this in arguing the materiality of the testimony of the first responders. Though, given that the first responders' observations are detailed in their reports (and thus the need for their live testimony is questionable), to the extent that the testimony of the first responders is required, the plaintiff consents to video-taped depositions at the first responders' places of business, thus alleviating any inconvenience that might come from their having to testify at a trial in this case.

Affidavits of the plaintiff, his mother and his brother Pitor are also enclosed with this letter for the Court's consideration regarding issues of convenience and access to the Courthouse. In summary, these Affidavits outline that it would be a hardship for the plaintiff, and a burden on his family, if he were to have to travel to White Plains for a trial. Furthermore, though the plaintiff's neighbors, Lisa Randleman and Jeff Goldman, do reside in New Paltz, they have executed Affidavits, which are enclosed with this letter, indicating their willingness to testify in New York City and have outlined reasons why to do so would not be inconvenient for them.

As the attached affidavits from the plaintiff, his mother and his brother Pitor elucidate, though the plaintiff's legal residence is still in New Paltz (he owns a home there and has no other permanent abode at this time, hence the use of this address in the Amended Complaint), he has leased his home, and is in the process of preparing it for sale (he cannot afford to keep it, and cannot keep up with the physical demands of home ownership). These affidavits make clear that, in reality, the plaintiff now resides in

Brooklyn. He has difficulty taking care of himself (cooking, tying his own shoes, etc., given his near-complete loss of function of a hand) and thus cannot support himself in New Paltz where he is without family support. At present, he is periodically in New Paltz as is necessary to prepare his home for sale. These affidavits also demonstrate that the plaintiff has physical difficulty traveling (he does drive out of absolute necessity, though it is dangerous for him to do so) and is under significant financial constraints which make traveling to White Plains as opposed to Manhattan a hardship. Given his location in Brooklyn, to have to travel to this Court, rather than to White Plains, would be far less onerous both financially and logistically.

       For the foregoing reasons, the plaintiff believes that Rule 18 of the Division Rules mandates that this case be heard in Manhattan; and requests that this Court decline to exercise its discretion pursuant to Rule 19 of the Division Rules to transfer this case to White Plains. The defendants' Motion requesting a transfer should be denied.

Respectfully,

Jesse M. Minc

Encl. (Exhibits).

cc: Wilson Elser Moskowitz Edelman & Dicker, LLP (via ECF)

```
The Court is in receipt of Defendants' letter motion to reassign
this case to White Plains (Dkt. #25), and Plaintiff's opposition
thereto (Dkt. #29).  For the reasons outlined by Plaintiff above,
including the location of his current treating medical providers,
and his current physical condition and residency, the motion to
transfer this case to White Plains is DENIED.
```

SO ORDERED.

Dated: December 30, 2019
      New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE