

PETER D. ROSENBERG*
DANIEL C. MINC
STEVEN C. FALKOFF**
ROBERT H. WOLFF***
GARY SILVERSTEIN

ARTHUR O. TISI***
SHARON ELMALEH
JESSE M. MINC
BROOKE BALTERMAN

LEGAL ASSISTANTS

JOY RUBIN BERMAN
LORRAINE ZAHTILA-LICUL
INGRID D. JOHNSSON

**THE LAW FIRM OF**
**ROSENBERG, MINC, FALKOFF & WOLFF, LLP**

ADVOCATING JUSTICE FOR FOUR GENERATIONS

*CELEBRATING OUR 98TH YEAR*

122 East 42nd Street
Suite 3800
New York, New York 10168

TELEPHONE: 212-697-9280
FAX: 212-697-9284
EMAIL: lawyers@rmfwlaw.com

FOUNDERS

GUSTAVE G. ROSENBERG
(1900-1988)
LAWRENCE M. ROSENBERG
(1922-2008)
MORTON M. BERGER
(1915-1991)

OF COUNSEL

ARI KRESCH
EDWARD LEMMO

*Member NY, CA Bar
**Member NY, CT, FL Bar
***Member NY, NJ Bar

September 17, 2020

**BY ECF AND EMAIL**
Hon. Katherine P. Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007



Failla_NYSDChambers@nysd.uscourts.gov

       Re:  *Piotrowicz v. Techtronic Indus N.A., et. al.* –
            Motion to Redact Exhibit 4 to Opposition to Motion to Dismiss.
       Case No.:  1:19-cv-11522

Hon. Failla,

       This law firm represents the plaintiff in the above-referenced matter, and writes, pursuant to Section 9.B.i of this Court's Individual Rules of Practice and this Court's Confidentiality Order of January 22, 2020 (Doc. # 38), to request permission to file a redacted version of a document as Exhibit 4 to the plaintiff's opposition to defendant P&F Brother Industrial Corp.'s motion to dismiss this case as against it pursuant to F.R.C.P. 12(b)(2) (the "Motion to Dismiss"). In accordance with Section 9.B.i of this Court's rules, a copy of the document in its redacted form is being filed as Exhibit 4 to the plaintiff's opposition to the Motion to Dismiss pending decision of this Letter Motion. Pursuant to Section 9.B.ii of this Court's rules, a copy of the document in its redacted form, a copy of the document with the redacted portions highlighted, and a clean copy of the document are being emailed to this Court's chambers for its consideration.

       This Letter Motion is made on a joint basis with counsel for Techtronic, One World, Ryobi and Home Depot. The movants believe this motion is necessary because, though this Court's Confidentiality Order does allow "Confidential" documents to be annexed as exhibits to

1

ROSENBERG, MINC, FALKOFF & WOLFF, LLP

motions, its presence on PACER (a public forum) would also make it available to the public; to avoid an inadvertent violation of the Confidentiality Order, and out of respect for confidentiality between the parties generally, this Letter Motion is necessary.

The analysis of whether to permit documents to be filed under seal or in a redacted form requires a determination of (i) whether the documents in question are "judicial documents"; (ii) the weight of the common law presumption of access to the materials; and (iii) the balance of the competing considerations against the presumption of access in a particular case. *Doe v. City of New York*, 15-CV-117 (AJN), 2019 WL 4392533 at *1 (S.D.N.Y., Sept. 13, 2019). "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* (*citing U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

Whether a document is a "judicial document" depends on whether "the item filed [is] relevant to the performance of the judicial function and useful in the judicial process[.]" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *Amodeo*, 71 F.3d at 145). If the document is a "judicial document", "[t]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* Finally, after determining the weight of the presumption of access, "the court must balance competing considerations against it." *Id.* at 120 (internal citations and quotations omitted).

In this case, though the document in question is, generally, a "judicial document", the portions sought to be redacted are not "judicial" in nature in that they do not bear on this Court's determination of any issue related to the Motion to Dismiss. The portions of the document that are relevant (and pertain, primarily, to P&F Brother's participation in the manufacturing of the miter saw in question) have been left unredacted. Moreover, viewed in isolation, the redacted portions of the document show the work product of One World Technologies' Product Safety Committee in analyzing newly-developed products, their design; and the quality control exercised by the committee, and, by extension, One World Technologies. As such, the sensitive portions of the document show One World Technologies' trade practices and constitute the type of confidential business information that would be of extreme interest to its competitors in the power tool industry if left available in an open forum like PACER. It is thus respectfully submitted that, because the redacted portions of the document are not "relevant to the performance of the judicial function and useful in the judicial process" in that they will not undergird any aspect of this Court's determination of the Motion to Dismiss, those portions are not "judicial documents" and may be redacted; and the first *Amodeo* factor weighs in favor of redaction. *Lugosch*, 435 F.3d at 119.

If this Court determines that the redacted material is a "judicial document", it is respectfully suggested that it is much closer to a matter falling within the Court's purview "solely to insure [its] irrelevance" rather than one "directly affect[ing] an adjudication" *vis a vis* the *Amodeo* continuum (i.e., in the second *Amodeo* factor). *Id.* The information sought to be redacted has nothing to do with personal jurisdiction over P&F Brother; it does not tend to make any fact *sub judice* in connection with the Motion to Dismiss more or less probable, and is of no consequence in determining the Motion to Dismiss. Fed. R. Evid. 401 (2011). It simply refers to

ROSENBERG, MINC, FALKOFF & WOLFF, LLP

safety issues that arose during production of the subject model miter saw; it does not have anything to do with P&F Brother. The weight of the presumption of public access to judicial documents is, regarding the narrow band of information sought to be redacted, relatively light when balanced against privacy concerns raised here which pertain to sensitive internal engineering documents protected by a court-ordered confidentiality agreement. *Lugosch*, 435 F.3d at 120; *see also* Doc. # 38. It is thus respectfully submitted that the second and third *Amodeo* factors weigh in favor of the narrowly tailored redactions sought here.

   It is thus respectfully requested that this Court permit the plaintiff to redact Exhibit 4 to his Opposition to the Motion to Dismiss as indicated herein.

              Respectfully,

              Jesse M. Minc

cc: All Counsel of Record via ECF

```
The Court is in receipt of Plaintiff's above request to file a
redacted Exhibit 4 to his Opposition to the Motion to Dismiss (Dkt.
#88) and Defendant P&F Brother's response letter indicating no
objection (Dkt. #89).  Plaintiff's application is GRANTED.  The
redacted Exhibit, accompanying the Declaration of Jesse M. Minc
(Dkt. #86), will remain on the public docket.



Dated:   October 7, 2020              SO ORDERED.
         New York, New York


                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE
```