UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ARKADIUSZ PIOTROWICZ

                Plaintiff,

  -against-

TECHTRONIC INDUSTRIEST NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC., RYOBI TECHNOLOGIES, INC., HOME DEPOT U.S.A., INC., P&F BROTHER INDUSTRIAL CORP., and NINGBO DALTON MACHINERY INDUSTRIAL COMPANY LTD.

                Defendants.

------------------------------------------------------------X

Case No.: 19-cv-11522 (KPF)

**ORDER REGARDING LIMITED JURISDICTIONAL DISCOVERY**

Pursuant to the Court's order of April 30, 2021 (Doc. 107), the parties have jointly submitted a proposed plan for production of documents minimally necessary to determine whether this Court may assert jurisdiction over P&F Brother Industrial Corp. ("P&F") in the instant case.

Therefore, P&F shall provide the following documents, if P&F possesses them, to the other parties, subject to the Confidentiality Agreement in place in this matter, on or before July 23, 2021:

1) Any sales or distribution agreement regarding the distribution of the RYOBI brand compound miter saw, model #TS1552/TS1552DXL (the "Saw"), to which P&F was a party, or any other documentation showing P&F's participation in the chain of distribution of the Saw.

2) Documents indicating that P&F designed, manufactured, assembled, or distributed the Saw, or participated in any manner in those processes.

3) Joint Venture Agreements to which P&F was a party regarding Precision Technology Industries, Ltd. and/or Ningbo Dalton Machinery Industrial Company Ltd. ("Ningbo Dalton") as indicated in the declaration of Carole Huang dated in 2020.

4) Documents indicating the corporate relationship between P&F and Ningbo Dalton during the time the Saw was in production.

5) Manufacturing Agreements regarding the Saw.

6) Purchase Orders, Invoices, Change Orders and/or documentation regarding payments on those Orders for the Saw.

7) Intellectual property documents or agreements relating to the Saw, including any patents or copyrights relating to the Saw to which P&F or the Joint Venture were parties/beneficiaries, and any confidentiality agreements relating to the sharing of intellectual property in connection with its manufacture.

8) Shipping documents for the Saw, or any other documentation indicating where the Saws were sent by P&F/Joint Venture after manufacture.

9) Any documentation indicating the number of examples of the Saw manufactured by the Joint Venture, or by P&F.

SO ORDERED.
Date: __May 21__, 2021
New York, New York

                                              KATHERINE POLK FAILLA
                                              U.S. DISTRICT JUDGE