## THE LAW FIRM OF
## ROSENBERG, MINC, FALKOFF & WOLFF, LLP

ADVOCATING JUSTICE FOR FOUR GENERATIONS

*OUR 100TH ANNIVERSARY*

PETER D. ROSENBERG·
DANIEL C. MINC
STEVEN C. FALKOFF··
ROBERT H. WOLFF···
GARY SILVERSTEIN

SHARON ELMALEH
JESSE M. MINC
BROOKE BALTERMAN

LEGAL ASSISTANTS

JOY RUBIN BERMAN
LORRAINE ZAHTILA-LICUL

122 East 42nd Street
Suite 3800
New York, New York 10168

TELEPHONE: 212-344-1000
FAX: 212-697-9284
EMAIL: lawyers@rmfwlaw.com

FOUNDERS

GUSTAVE G. ROSENBERG
(1900-1988)
LAWRENCE M. ROSENBERG
(1922-2008)
MORTON M. BERGER
(1915-1991)

OF COUNSEL
EDWARD LEMMO
JOYCE RANDAZZO

*Member NY, CA Bar
**Member NY, CT, FL Bar
***Member NY, NJ Bar

February 3, 2022

**BY ECF AND EMAIL**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007



Failla_NYSDChambers@nysd.uscourts.gov

> Re: *Piotrowicz v. Techtronic Indus N.A., et. al.* –
> Motion to File Exhibit 1A to Opposition to Dalton's
> Motion to Dismiss Under Seal.
> Case No.: 1:19-cv-11522

Hon. Failla,

      This law firm represents the plaintiff in the above-referenced matter, and writes, pursuant to Section 9.C. of this Court's Individual Rules of Practice and this Court's Confidentiality Orders of January 22, 2020 (Doc. # 38) and June 18, 2021 (Doc. # 115), to request permission to file Exhibit 1A to the plaintiff's opposition to defendant Dalton's motion to dismiss this case as against it pursuant to F.R.C.P. 12(b)(2) (the "Motion to Dismiss"). This document is a "Supply Agreement" pursuant to which the miter saw that is the subject of this case was produced by Dalton in China and distributed by way of a sales chain involving Dalton and the other defendants to New York where it was ultimately sold to the plaintiff. Pursuant to Section 9.B. of this Court's rules, a copy of the document is being emailed to this Court's chambers for its consideration.

      I have discussed this motion with counsel to defendants Techtronic, Ryobi Technologies, One World Technologies and Home Depot, and he supports this Application. I notified counsel for Dalton of my intentions with respect to this motion, and was advised that Dalton does not object to this relief so long as they are provided with an unredacted version of Exhibit 1A (which it will be, of course). This motion is necessary because, though this Court's Confidentiality Orders do allow "Confidential" documents to be annexed as exhibits to motions, the document's presence on PACER (a public forum) would also make it available to the public; to avoid an inadvertent violation of the Confidentiality Order, and out of respect for confidentiality between the parties generally, this Letter Motion is necessary.

1

ROSENBERG, MINC, FALKOFF & WOLFF, LLP.

The analysis of whether to permit documents to be filed under seal or in a redacted form requires a determination of (i) whether the documents in question are "judicial documents"; (ii) the weight of the common law presumption of access to the materials; and (iii) the balance of the competing considerations against the presumption of access in a particular case. *Doe v. City of New York*, 15-CV-117 (AJN), 2019 WL 4392533 at *1 (S.D.N.Y., Sept. 13, 2019). "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* (*citing U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

Whether a document is a "judicial document" depends on whether "the item filed [is] relevant to the performance of the judicial function and useful in the judicial process[.]" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *Amodeo*, 71 F.3d at 145). If the document is a "judicial document", "[t]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* Finally, after determining the weight of the presumption of access, "the court must balance competing considerations against it." *Id.* at 120 (internal citations and quotations omitted).

In this case, it is conceded that the document in question is a "judicial document", as its contents are of substantial import to the plaintiff's argument that this Court has jurisdiction over Dalton. However, the document does reveal the mechanics of the defendants' international supply chain, including with respect to pricing for manufacturing. Even though none of the defendants is a direct signatory to the Supply Agreement, the signatories are related to and/or controlled by the defendants. The Supply Agreement relates directly to the defendants' business practices, and would provide a window into their trade practices. It thus constitutes the type of confidential business information that would be of extreme interest to their competitors in the power tool industry if left available in an open forum like PACER.

Though the first *Amodeo* factor admittedly weighs against sealing the Supply Agreement from public view, it is respectfully suggested that the common law presumption of access to the Supply Agreement in this context is not so great as to require it to be publicly filed. After all, the Supply Agreement is not the only evidence submitted in opposition to the Motion to Dismiss; and it is respectfully suggested that the Court could deny the Motion to Dismiss at this stage even without the Supply Agreement given the other exhibits submitted in opposition. Furthermore, the public's need to analyze the Supply Agreement to understand the issues involved, and this Court's ultimate decision, in connection with the Motion to Dismiss must be balanced against privacy concerns on behalf of the defendants relating to public disclosure of their internal supply chain mechanics which are protected by a confidentiality agreement. *Lugosch*, 435 F.3d at 120; *see also* Doc. ## 38 and 115. It is thus respectfully submitted that the second and third *Amodeo* factors weigh in favor of the filing of the Supply Agreement under seal.

ROSENBERG, MINC, FALKOFF & WOLFF, LLP.

    It is thus respectfully requested that this Court permit the plaintiff to file <u>Exhibit 1A</u> to his Opposition to the Motion to Dismiss under seal.

                    Respectfully,

                    Jesse M. Minc

cc: All Counsel of Record via ECF

Encl. (Supply Agreement)

---

Application GRANTED.

The Clerk of Court is directed to file Exhibit 1A of Plaintiff's opposition to the motion to dismiss (Dkt. #147) under seal, viewable only to the parties and Court.

The Clerk of Court is further directed to terminate the motion at docket entry 146.

Dated: February 4, 2022      SO ORDERED.
     New York, New York

                    HON. KATHERINE POLK FAILLA
                    UNITED STATES DISTRICT JUDGE